UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TRANSFINITY LOGISTICS, INC., )
)
    Plaintiff, )
)
v. ) NO. 2:19CV288-PPS/JEM
)
ROAD TRANS LOGISTICS LLC, )
DM EXPRESS, and )
MILORAD TRKULJA, )
)
    Defendant. )

## OPINION AND ORDER

Plaintiff Transfinity Logistics, Inc. is a trucking company that had a brokerage agreement with defendant Road Trans Logistics LLC. Transfinity alleges that for approximately a year-and-a-half, it transported cargo under the agreement for Road Trans' customer OSM, and was paid pursuant to the brokerage agreement, but that for a period from mid-April to mid-June of 2019, additional shipments transported for OSM by Transfinity went unpaid, for a total of $87,300. Transfinity claims that, when questioned, Road Trans' sole member, president and CEO, defendant Milorad Trkulja, explained that Road Trans had been diverting its funds to defendant DM Express (another of his businesses) to make payments on its fleet of trucks. The complaint asserts claims for breach of contract (Count I), violation of the Illinois and Indiana Fraudulent Transfer Acts (Count II), and fraud (Count III).

Now before me is Transfinity's motion for default judgment against all three defendants. [DE 7.] For several reasons, the current motion will be denied. First, Transfinity has failed to seek the entry of default under Rule 55(a), which is a procedural step preceding the entry of default judgment under Fed.R.Civ.P. 55(b). The entry of default represents a determination that a

defendant has failed to timely respond to the complaint after being properly served with process. In this case, the complaint was filed on August 12, 2019. Affidavits of the process server evidence timely attempts to serve the defendants on August 22, 2019. [DE 4, 5, 6.] The affidavit representing service on Road Trans indicates that at 1520 Blaine St. in Gary, described as a "secured business," an unidentified Caucasian man with a beard and glasses refused to accept the documents and the process server "left them rolled up in the fence next to him." [DE 4.] Although the complaint identifies 1520 Blaine St. as one of Road Trans' two principal places of business [DE 1 at ¶2], more explanation is required to satisfy me that what occurred on August 22 constituted effective service of process on Road Trans under Fed.R.Civ.P. 4(h).

Another affidavit records service on defendant Trkulja by personal delivery to him at 8090 W. 101st Place in St. John, Indiana.[1] [DE 5.] That address is alleged to be Trkulja's residence, so that service appears to have complied with Rule 4(e)(2)(A). [DE 1 at ¶4.] Service on DM Express was attempted by delivery of the summons and complaint to Trkulja at the same time and place as his service as an individual. [DE 6.] The affidavit of service reports that Trkulja accepted service for DM Express, and "stated he was also Dejana the registered agent, its all the same he said." [*Id.*] Although the meaning of this information is unclear, and the St. John address is not one associated with DM Express in the allegations of the complaint, Milorad Trkulja is alleged to be DM Express's co-owner, operator and general manager, such that he could validly accept service for the company under Rule 4(h)(1)(B). All of this explanation and analysis of the sufficiency of service should be offered by plaintiff in support of a motion for entry of default under Rule 55(a).

---

[1] According to the affidavit, this occurred at 7:55 p.m., which may suggest that the man upon whom service was attempted at the other address at 7:28 p.m. could not have been Trkulja.

The request for entry of default judgment must also be denied because Transfinity's motion does not address its legal entitlement to judgment on any particular cause of action that has been asserted. Although a default means the well-pleaded facts of a complaint are deemed admitted, it remains incumbent on a plaintiff to satisfy the court that those facts support the requested relief on a particular legal theory, otherwise absurd and entirely unjust judgments could be obtained by default. The motion references all three causes of action pled in the complaint, but without any analysis why the facts deemed admitted by a default would support judgment on those legal theories. The proposed order submitted by Transfinity does not reference any of the three claims or counts of the complaint. Transfinity's treatment of the amount of its damages – by the spreadsheet that is Exhibit 3 to the complaint [DE 1-3] and the declaration of Dragan Latinovic in support of the motion for default judgment [DE 7-1] – appears to be sufficient.

For the reasons I've explained, Transfinity's motion for entry of default judgment will be denied without prejudice. Transfinity may try again, this time with a motion for the entry of default and a new motion for entry of default judgment which address the shortcomings I have identified here.

ACCORDINGLY:

Plaintiff Transfinity Logistics, Inc.'s motion for entry of default judgment [DE 7] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

DATED: October 21, 2019.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE